IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 99-20161
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONNELL LEE GRAVES,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CR-152-1
- - - - - - - - - -

November 22, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Donnell Lee Graves appeals his convictions following a jury trial for being a felon in possession of a firearm and for using and carrying a firearm during and in relation to a drug-trafficking crime. Graves argues that 1) the evidence was insufficient to prove that the firearm he possessed had traveled in interstate commerce; 2) the trial court abused its discretion in admitting the firearm into evidence over his hearsay objection; and 3) plain error resulted from the prosecutor's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

comments on his prior felony conviction during closing argument.

Our review of the record and the arguments and authorities convinces us that no reversible error was committed. The evidence offered by the Government at trial was sufficient to prove that a firearm was "in or affected interstate commerce" for purposes of 18 U.S.C. § 922(g)(1). See United States v. Gresham, 118 F.3d 258, 265 (5th Cir. 1997). The admission of the revolver was harmless error, if it was error at all. See United States v. Dickey, 102 F.3d 157, 163 (1996). Finally, assuming that the prosecutor's remarks impliedly referred to Graves's earlier conviction, they did not do so with sufficient force or clarity to affect his substantial rights. See United States v. Gallardo-Trapero, 185 F.3d 307, 323 (5th Cir. 1999).

AFFIRMED.